**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Michael Allen Olson and Dennis James Olson

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN OLSON and DENNIS JAMES OLSON, individually and as successors-in-interest to Decedent STEVEN JOHN OLSON,<br><br>              Plaintiff,<br><br>         vs.<br><br>CHAD MOORE, individually and in his capacity as a police officer for the CITY OF ESCONDIDO Police Department.<br><br>              Defendants. | **'23 CV 0740 WQH WVG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983: Fourth and Fourteenth Amendment<br><br><br>**JURY TRIAL DEMANDED** |

---

**COMPLAINT FOR DAMAGES**

DOUGLAS WAYNE OLSON,

       Nominal Defendant.

## **INTRODUCTION**

1.    This civil rights case arises out of the wrongful death of Decedent Steven John Olson.

2.    On April 21, 2021, Escondido Police Department received a 911 call alleging that Mr. Olson was striking vehicles with an object in a parking lot. Mr. Olson was known to the Escondido Police Department as a person experiencing houselessness who suffered from mental illness.

3.    When Officer Chad Moore arrived on scene, Mr. Olson had already been contacted by another officer and the encounter had ended without violence. Officer Moore approached Mr. Olson and almost immediately threatened to shoot him if he did not drop the small pole-like object with a rubber handle in his hand. Instead of employing de-escalation tactics and giving Mr. Olson time and space to calm down, Officer Moore escalated the situation and shot Mr. Olson seven times. Mr. Olson died as a result of Officer Moore's unreasonable, unjustified, and unconstitutional use of deadly force.

4.    This wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the unjustified use of deadly force resulting in the death of Steven Olson.

## **JURISDICTION AND VENUE**

5.    This action arises under Title 42 of the United States Code, §§ 1983 and 1985. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

of Escondido, County of San Diego, State of California, which is within the judicial district of this Court.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

7.      Decedent STEVEN JOHN OLSON (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate. Decedent did not file any legal actions related to this incident prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Successors-in-Interest Michael Allen Olson and Dennis James Olson. Said Plaintiffs are the persons with standing to bring this action as Decedent was unmarried at the time of his death and had no children

8.      Plaintiff MICHAEL ALLEN OLSON (hereinafter "Plaintiff Michael") is, and was at all times relevant to this litigation, the biological brother of Decedent. Plaintiff sues in his individual capacity and as successor-in-interest to Decedent.

9.      Plaintiff DENNIS JAMES OLSON (hereinafter "Plaintiff Dennis") is, and was at all times relevant to this litigation, the biological brother of Decedent. Plaintiff sues in his individual capacity and as successor-in-interest to Decedent.

10.     Nominal Plaintiff DOUGLAS WAYNE OLSON (hereinafter "Nominal Defendant Douglas") is, and was at all times relevant to this litigation, the biological brother of Decedent.

11.     Defendant CHAD MOORE (hereinafter "Defendant Moore") was at all times relevant to this litigation a police officer for the CITY OF ESCONDIDO Police Department. Defendant Moore is sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

12.     On April 21, 2021, Decedent was in the area of Second Avenue and

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

COMPLAINT FOR DAMAGES

Broadway in Escondido, California.

13.    Decedent was approximately fifty-nine (59) years old, suffered from mental illness, and was experiencing houselessness at the time of the incident.

14.    At approximately 7:00 am, an individual called 911 reporting that a man was walking around a parking lot with an object resembling a crowbar in his hand and allegedly striking vehicles with the object.

15.    Officer Martinez of the Escondido Police Department contacted Decedent in the parking lot. This officer recognized Decedent and knew that Decedent suffered from mental illness.

16.    Decedent was holding a car window squeegee and a short black pole-like object with a rubber handle.

17.    Officer Martinez called out to Decedent using his first name as he exited the vehicle and asked him to drop the items in his hand.

18.    Decedent did not understand what Officer Martinez was saying. Decedent was speaking incoherently and was clearly in the midst of a mental health crisis but displayed no threatening or violent behavior.

19.    Decedent slowly backed away from Officer Martinez before jogging further into the parking lot.

20.    Officer Martinez chose not to pursue Decedent and allowed him to leave the area.

21.    At the same time, Defendant Moore was responding to an unrelated burglary call in the area when he happened to see Decedent walking.

22.    Defendant Moore also recognized Decedent and chose to contact him even though he did not see Decedent commit any crimes. Defendant Moore was aware that Officer Martinez had previously contacted Decedent and chosen not to pursue him.

23.    Defendant Moore initially used the loudspeaker system in his vehicle

COMPLAINT FOR DAMAGES

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

to address Decedent by his first name and order him to get out of the road.

24.    Decedent dropped the squeegee he had been carrying as Defendant Moore approached in his vehicle and was holding only the short pole-like object.

25.    Decedent was still clearly in the midst of a mental health crisis and speaking incoherently.

26.    Defendant Moore exited his vehicle and immediately escalated the situation by pulling out his firearm and aiming it at Decedent.

27.    Decedent was not a threat to Defendant Moore nor any bystanders.

28.    Defendant Moore commanded Decedent to drop the object he was carrying. Decedent continued speaking incoherently and did not appear to understand what Defendant Moore was saying.

29.    Decedent walked slowly in the direction of Defendant Moore as Defendant Moore backed up and continued to yell commands.

30.    Decedent did not attempt to strike or throw the object at Defendant Moore nor did he make any furtive gestures.

31.    Approximately fifteen (15) seconds after exiting his vehicle, Defendant Moore stated "Steven, you're gonna get shot." Approximately fifteen (15) seconds later, Defendant Moore stated "Steven, I'm going to shoot you."

32.    Just forty (40) seconds after Defendant Moore exited his car, he fired seven (7) rounds in quick succession at Decedent, striking him at least six (6) times.

33.    At the time the shots were fired, Decedent was not a threat to Defendant Moore nor any bystanders. Decedent was not attempting to strike or throw the object at Defendant Moore and had not make any furtive gestures.

34.    Decedent died due to the unjustified, unreasonable, and unconstitutional conduct of Defendant Moore.

35.    The actions and omissions of Defendant Moore were without legal justification or other legal right, done under color of law, and within the course and

**COMPLAINT FOR DAMAGES**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

scope of his employment as a police officer.

36.   The actions and omissions of Defendant Moore were unreasonable, conscience-shocking, reckless, and deliberately indifferent to Decedent's and Plaintiffs' rights.

## DAMAGES

37.   As a consequence of Defendant's violation of Decedent's and Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

38.   Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

39.   Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Survival Action: Violation of the Fourth Amendment to the United States Constitution – Excessive Force)
### (All PLAINTIFFS v Defendant CHAD MOORE)

40.   Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 39 of this complaint.

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

COMPLAINT FOR DAMAGES

41.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had survived.

42.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

43.     Decedent had firmly established rights under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, unreasonable search and seizure, and excessive force being used against him.

44.     While acting in the performance of his official duties, Defendant Moore used excessive and unreasonable deadly force against Decedent under the circumstances.

45.     Decedent did not pose a credible threat to Defendant Moore, nor any other person, when Defendant Moore shot and killed him. Decedent never struck nor attempted to strike Defendant Moore with the short pole-like object he was holding, nor did he throw it at Defendant Moore. Decedent made no violent or furtive gestures towards Defendant Moore nor bystanders.

46.     Despite Decedent not posing a credible threat of death or great bodily injury to Defendant Moore, Defendant Moore fired his gun at Decedent seven times from close range without pausing and killed him.

47.     Defendant Moore's unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures, as guaranteed to Decedent under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment of the United States

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

COMPLAINT FOR DAMAGES

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Constitution.

48.   As a result, Decedent experienced extreme pain and suffering, and eventually the loss of his life.

49.   Moreover, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent and will continue to be so deprived for the remainder of their lives.

50.   Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with reckless disregard for the constitutionally protected rights, welfare, and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of the Fourteenth Amendment to the United States Constitution – Right to Familial Relationship)
### (All PLAINTIFFS v Defendant CHAD MOORE)

51.   Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 50 of this complaint.

52.   Plaintiffs Michael Allen Olson and Dennis James Olson each had a cognizable interest under the Due Process clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but limited to, unwarranted state interference in Plaintiffs' familial relationships with Decedent.

53.   Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

54.   As a result of the conscious shocking force inflicted by Defendant

**COMPLAINT FOR DAMAGES**

Moore, Decedent was deprived of his life.

55.     Defendant Moore acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs and with purpose to inflict harm unrelated to any legitimate law enforcement objective when he intentionally shot Decedent seven times when Decedent did not pose a credible threat of serious bodily injury or death.

56.     Defendant Moore's conduct was willful, wanton, malicious, and done with reckless disregard of the constitutionally protected rights, welfare and safety of Decedents and Plaintiffs.

57.     Defendant Moore, acting under color of state law, thus violated Plaintiffs' and Decedent's Fourteenth Amendment rights to be free from unwarranted interference with their familial relationship with Decedent.

58.     As a direct and proximate cause of the acts of Defendant Moore, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs have been injured in both mind and body, suffering extreme and severe mental anguish and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their lives.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **JURY DEMAND**

59.     Plaintiffs hereby demand a jury trial in this action.

## **PRAYER**

Wherefore, Plaintiffs pray for relief as follows:

      1. Compensatory damages in a sum according to proof at trial;

      2. General damages in a sum according to proof at trial;

      3. Special damages in a sum according to proof at trial;

      4. Punitive damages in a sum according to proof at trial;

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

5. Reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

6. Any and all statutory damages allowed by law;

7. Cost of suit herein incurred; and

8. Such other and further relief as the Court deems just and proper.

Dated:  April 21, 2023                **BURRIS, NISENBAUM, CURRY & LACY LLP**


By: /s/ *DeWitt M. Lacy*
     DeWITT M. LACY
     JOHN L. BURRIS
     JULIA N. QUESADA
     LENA P. ANDREWS
     Attorneys for Plaintiff,
     Michael Olson, Dennis James

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**